United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40410
Conference Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JORGE ANGEL-LEONARDO,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-853-1
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jorge Angel-Leonardo appeals his conviction and sentence for being found unlawfully present in the United States following deportation and after being convicted of an aggravated felony. Angel-Leonardo was sentenced to a term of imprisonment of 27 months to be followed by a three-year term of supervised release.

Angel-Leonardo argues that the enhancement provisions in 8 U.S.C. § 1326(b), which provides for increased sentences based on prior convictions, are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). He contends that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction should be reduced to the lesser included offense in § 1326(a)(2) and that his sentence should be reduced to no more than two years of imprisonment.

Angel-Leonardo's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). Although Angel-Leonardo contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Angel-Leonardo properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.